RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/30/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JAMES S. FELKNOR (SANCTION/BARRED) | CIVIL ACTION 3:11CV1430 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ROBERT H. FELKNOR, ET AL | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

James S. Felknor ("Plaintiff") filed this *pro se* civil Complaint against eight relatives accusing them of defamation of his character and plotting against him and his mother to sell her house to get their inheritance. Plaintiff seeks damages from these family members.

Plaintiff is no stranger to this Court. He has filed eight civil complaints and a habeas petition just since 2010. Most of Plaintiff's complaints have been dismissed *sua sponte* for failure to state a claim or pursuant to a defense motion to dismiss or motion for summary judgment. In Civil Action 10-cv-1020, the Court ordered that "the Clerk of Court decline to file any civil complaint submitted by James Samuel Felknor unless the complaint has first been presented to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed." Recently, the United States Court of Appeals for the Fifth Circuit denied Plaintiff's appeal from a case in this court and gave Plaintiff a sanction warning after noting his history of repetitive and frivolous filings. *See* 5th Circuit Case No. 10-31042, appealing Western District Civil Action 10-cv-1259. Plaintiff now presents his current complaint before the Court to determine if it may be filed and considered.

Plaintiff alleges that "the above mentioned family members spread a "vishous [sic]" rumer [sic]" to, that I James Felknor was a child molester...." to "all parts of the United States of America." In addition, Plaintiff alleges that these same family members forced their mother to leave her home and

made her sell her home in order to "get their part of their inharence [sic]." Plaintiff claims that his siblings arranged for Plaintiff's son to move into his mother's house where the son was told to make the house uninhabitable so that his mother could not return to it. Plaintiff lists many ways that the son destroyed the house including allowing dogs to stay alone in the house while no one was there, tracking dirt into the house from motorcycles parked under the carport and by raising the water well pressure which destroyed parts of the well house. Finally, he claims that while his mother was in the hospital recovering from a broken hip, the siblings "kidnapped mom from the hospital" and did not let him know of her whereabouts. Most of these same allegations were presented to this Court against most of these same defendants in Civil Action 10-cv-463, which was dismissed in April 2010 for failure to state a claim on which relief may be granted.

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937 (1949) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007) ). "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

Plaintiff's complaint consists of many disagreements with his family. Plaintiff has not alleged any plausible claim on the face of the complaint to allow the court to exercise federal question or diversity jurisdiction or any other form of subject matter jurisdiction. Therefore,

IT IS ORDERED that Plaintiff's Complaint is STRICKEN.

MONROE, LOUISIANA, this __30__ day of August, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE